IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAWN ADRIAN WALKER,** : | **CIVIL ACTION NO. 1:21-CV-916** |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **ERIC TICE**, *et al.*, : | |
| : | |
| Respondents : | |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Shawn Adrian Walker, challenges his 2017 conviction and sentence in the Dauphin County Court of Common Pleas for third-degree murder, prohibited possession of a firearm, and carrying a firearm without a license. We will deny the petition for writ of habeas corpus with prejudice as untimely.

**I.    Factual Background & Procedural History**

Following a jury trial in the Dauphin County Court of Common Pleas, Walker was convicted of third-degree murder, prohibited possession of a firearm, and carrying a firearm without a license and was sentenced to an aggregate sentence of eighteen to thirty-six years imprisonment on April 14, 2017. Commonwealth v. Walker, No. 1094 MDA 2017, 2018 WL 1724308, at *1 (Pa. Super. Ct. Apr. 10, 2018). Walker appealed to the Pennsylvania Superior Court, which affirmed on April 10, 2018. Id. Walker did not appeal to the Pennsylvania Supreme Court and did not seek state collateral relief under Pennsylvania's Post-Conviction Relief Act. (Doc. 4 at 2-3).

Walker filed the instant petition on March 29, 2021 in the United States District Court for the Western District of Pennsylvania. (Doc. 4 at 1). The case was transferred to this district on May 19, 2021. (Doc. 5). Respondents responded on June 21, 2021, arguing that the petition should be denied as untimely. (Doc. 11). Walker did not file a reply brief in support of his petition, and the deadline for doing so has passed. The petition is accordingly ripe for review.

## II.     Discussion

Petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. See

McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244, Walker had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d)(1)(A).[1]  Walker's conviction became final on May 10, 2018, the deadline for him to move for leave to appeal to the Pennsylvania Supreme Court.  See PA. R. APP. P. 1113.  Statutory tolling under Section 2244(d)(2) does not apply because Walker did not challenge his petition through state collateral proceedings.  Thus, absent equitable tolling or the actual innocence exception, Walker needed to file his petition for writ of habeas corpus no later than May 10, 2019 in order to be considered timely under Section 2244.  His petition, which was not filed until nearly two years later on March 29, 2021, is facially untimely.

Walker is not entitled to equitable tolling.  The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition.  Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418).  The petitioner bears the burden of showing that he is entitled to equitable tolling.  Pace, 544 U.S. at 418.  Walker has not advanced any argument for equitable tolling and accordingly has not met his burden.

---

[1] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

Walker is likewise not entitled to relief under the actual innocence exception. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386). Walker has failed to meet this burden because he has not advanced any actual innocence argument.

In sum, we conclude that Walker's petition is untimely and that he is not entitled to equitable tolling of the limitations period or relief under the actual innocence exception.

### III. Conclusion

We will deny the petition (Doc. 4) for writ of habeas corpus with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: September 28, 2022